UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                    Plaintiff,

                                                   v.

ALTON DUNN,

                                                 Defendant.
_____

                                               DECISION AND ORDER

                                               20-CR-6086L

Defendant Alton Dunn ("Dunn") pleaded guilty pursuant to a written Plea Agreement (Dkt. #28) on July 8, 2020. Dunn pleaded guilty to two counts, possessing a quantity of marijuana with intent to distribute and possessing a firearm by a convicted felon. The calculated United States Sentencing Guidelines provided for a range of imprisonment from 70-87 months. The parties, however, submitted the plea to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed-upon sentence of 72 months, which was at the low end of the Guideline range.

The Plea Agreement also contained a provision precluding Dunn from appealing the agreed-upon sentence or commencing a proceeding collaterally attacking the judgment.

On July 26, 2021, the Court accepted the Plea Agreement and the Rule 11(c)(1)(C) agreement and sentenced Dunn principally to an aggregate term of 72 months imprisonment. No appeal was filed, but on March 30, 2022 (Dkt. #62), Dunn filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. In his Petition, Dunn claims that his trial counsel was ineffective for failure to challenge the two charged counts as duplicitous and also claimed counsel was ineffective for failing to object to portions of the Presentence Report and to argue for a lesser sentence.

Additionally, Dunn claims counsel was ineffective for providing erroneous information about the charges and the consequences of the plea.

Thereafter, the Government filed a motion (Dkt. #64) for an order compelling Dunn's trial attorney, Assistant Federal Public Defender Anne M. Burger to submit an affidavit regarding discussions she had with Dunn concerning the Plea Agreement, his decision to plead guilty, and whether Dunn requested a Notice of Appeal be filed.

Defense counsel filed a Memorandum in response to the Government's motion (Dkt. #67). Counsel suggested that the Government's motion was overly broad and unnecessary but, in lieu of an affidavit, counsel proposed disclosing three letters from her file to Dunn which addressed matters relevant to the Government's motion.

## WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Dunn has accused his attorney of providing ineffective assistance of counsel in several respects. The law is clear, and I have so-ruled in prior cases, that when counsel is challenged and attacked for providing ineffective assistance of counsel, such an action by the client constitutes a waiver of the attorney-client privilege to the extent that counsel may discuss conversations relative to defendant's claims of ineffective assistance of counsel. *See United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009) (noting "unanimous federal authority" that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove the claim); *United States v. Sandford*, 293 F.Supp.3d 370, 378 (W.D.N.Y. 2018) (applying rule in the context of a postconviction Rule 33 motion); *United States v. Sosa-Lopez*, No. 06-CR-6198, 2013 WL 164091, at *1 (W.D.N.Y. Jan. 15, 2013) ("It is clear that claims made by Sosa-Lopez [alleging ineffective

assistance of counsel in connection with defendant's guilty plea and sentencing] constitute a waiver of the attorney-client privilege. Complaints alleging ineffective assistance of counsel allow the responding party to explore the nature of the conversations between counsel and the accused to rebut [the former client's] allegations").

Counsel is correct that the waiver should only relate to those matters relevant to the claim of ineffective assistance. The Section 2255 motion claiming ineffective assistance of counsel does not open the door to every possible conversation had between counsel and the defendant. Nevertheless, counsel has no basis to decline to provide relevant information on those matters relating to alleged ineffective assistance of counsel.

Rather than submitting an affidavit, counsel for Dunn has agreed to disclose copies of three letters from her file that counsel claims covers the matters or some of the matters raised by Dunn in his Petition. That appears to be a not unreasonable response at this stage. Counsel has requested that I make a "clear determination that Dunn waived his attorney-client privilege" and I have done so in this Order. Therefore, I accept defense counsel's offer and direct that she turn over the three letters that she referenced within seven (7) days of entry of this Decision and Order.

Whether this submission satisfies the Government remains to be seen. If the Government believes some further submission is necessary, it can advise the Court and counsel, and request either further submissions or the scheduling of a hearing where counsel can be called as a witness.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 10, 2022.